UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RADUL RADOVICH, SILVER MOUNTAIN PROMOTIONS, INC., ST. PETKA TRUST and R AND R HOLDINGS,<br><br>Plaintiff,<br><br>v.<br><br>YA GLOBAL INVESTMENTS, L.P., a Delaware limited partnership, f/k/a CORNELL CAPITAL PARTNERS, L.P., YORKVILLE ADVISORS, LLC, a Delaware limited liability company, YORKILLE ADVISORS GP, LLC, MARK ANGELO, DAVID GONZALEZ and CRAIG ENGLER,<br><br>Defendant. | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civil Action No. 12-cv-6723 (DMC) (JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendants' YA Global Investments, L.P, f/k/a Cornell Capital Partners L.P, Yorkville Advisors, LLC, Mark Angelo, David Gonzalez and Craig Engler (collectively "Defendants") Motion to Dismiss Plaintiff Radul Radovich, Silver Mountain Promotions, Inc., St. Petka Trust and R and R Holdings' (collectively "Plaintiffs") Complaint (Dec. 28, 2012, ECF No. 10). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion to Dismiss is **granted.**

1

## I. BACKGROUND[1]

Cobalis Corporation ("Cobalis") is a specialty pharmaceutical company that has been focused on the development of PreHistin®, an over the counter dietary supplement product intended to treat allergy sufferers. Plaintiffs, Radul Radovich, Silver Mountain Promotions, Inc., St. Petka Trust, and R and R Holdings, are "long time investors" in Cobalis Corporation. Defendant alleges that Plaintiff Radul Radovich is the father of Chaslov Radovich, Cobalis's President, CEO and controlling shareholder. Plaintiffs Silver Mountain Promotions, Inc., St. Petka Trust, and R&R Holdings are Radovich family-owned entities. (See Def.'s Mot.). Plaintiffs are also Cobalis shareholders.

In late 2006, Cobalis sought financing for the development of PreHistin®. Y.A. Global Investments, L.P ("YA Global"), formerly Cornell Capital, purchased convertible debentures in a structured Private Investment in Public Entities (PIPE) transaction. The convertible debentures were secured by assets of Cobalis pursuant to the terms of a Security Agreement, and were further secured and guaranteed by an Asset Pledge Agreement by 8,400,000 shares of the Radovich family common stock with recourse. Cobalis agreed to grant YA Global the right to control the issuance and delivery of all shares convertible under the securities purchase agreement, debentures, and warrants, as set forth in the Pledge and Escrow Agreement. Pursuant to the parties' financial arrangement, Defendants provided Plaintiff with a total of $3,850,000 under Secured Convertible Debentures.

On or about August 1, 2007, YA Global filed an involuntary petition against Cobalis under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("the Bankruptcy Action"). Cobalis subsequently consented to bankruptcy relief, and on November 16, 2007 the Bankruptcy Court converted the

---
[1] This section is taken from the Complaint, the parties' pleadings, and this Court's previous opinion.

case to a Chapter 11 proceeding.

On November 9, 2009, Cobalis instituted an adversary proceeding in connection with the Bankruptcy filing in California, captioned <u>Cobalis Corp. v. Cornell Capital Partners, LP</u>, No. 8:09-ap- 01705-TA (the "California Action"). Cobalis raised, inter alia, claims of breach of contract premised upon breach of the Securities Purchase Agreement and the Debenture Agreement, both of which are alleged by Plaintiff to fall under the PIPE financing at issue in the instant action. Throughout the course of the adversary proceeding, the Bankruptcy Court permitted Cobalis to amend their Complaint on four separate occasions before ultimately dismissing the case with prejudice on August 24, 2011 for failure to state a claim upon which relief could be granted. The Bankruptcy Court dismissed with prejudice, noting that Cobalis had been given ample opportunity to state a claim for relief, and had failed to do so.

Plaintiffs' instant Complaint alleges that Plaintiffs were induced to enter into contracts with Defendants through Defendants' fraudulent statements and promises. (See Compl. ¶ 35, 43, 53). The Complaint also alleges that Defendants had no intention of honoring those representations (Id. ¶ 40). The Complaint also states that Defendants, as an advisor to Cobalis and Plaintiffs, were fiduciaries. Plaintiffs further allege that Defendants wrongfully released the Plaintiffs' Cobalis shares from escrow and converted same to their possession. (Id. ¶ 53). Essentially, Plaintiffs allege that had they known YA Global's true intention and plan was to profit from the sale of Cobalis stock in the near term, Plaintiffs would not have entered into the Pledge and Escrow Agreements, and absent entering into the Pledge and Escrow Agreements, Plaintiffs could have sold that stock in an orderly fashion. (Id. 63-64).

Plaintiffs filed the instant Complaint on October 25, 2012. (ECF No. 1). The Complaint alleges five causes of action against Defendants: (1) Fraudulently inducing Plaintiffs to enter into

3

the Pledge and Escrow Agreements; (2) Breach of fiduciary duties owed to Plaintiffs by Defendants; (3) Unfair business practices – violations of Cal. Bus. & Prof. Code § 17200, et. seq.; (4) Fraud against all Defendants; and (5) Breach of contract by virtue of breach of good faith and fair dealing. Defendants filed this Motion to Dismiss on December 28, 2012 ("Def.'s Mot.," ECF No. 10). Plaintiffs filed Opposition on February 1, 2013 ("Pl.'s Opp'n," ECF No. 19). Defendants filed a Reply Brief on February 12, 2013 ("Def.'s Reply," ECF No. 20).

## II. STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

4

## III. DISCUSSION

"For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001); see also Houbigant, Inc. v. Fed. Ins. Co., 374 F.3d 192, 205 (3d Cir. 2004); Munoz v. Sovereign Bank, 323 Fed. Appx. 184, 187 (3d Cir. 2009). Under New Jersey law, which applies here, for res judicata to apply and bar a plaintiff's claim, three elements must be met: (1) a final judgment on the merits must have been rendered in the prior suit; (2) the same parties or their privities must have been involved in both suits; and (3) the subsequent suit must be based on the same cause of action as the original. In re Mullarkey, 536 F. 3d 215, 225 (3d Cir. 2008).

Here, the first and third elements are easily met. It is clear that the previous California and New Jersey actions produced final judgments on the merits. On November 9, 2009, Cobalis initiated an adversary proceeding against the Yorkville Defendants in California captioned Cobalis Corp. v. Cornell Capital Partners, LP, No. 08:09-ap-0175-TA (the "California Action"). In that proceeding, Cobalis's original complaint was dismissed on its initial filing and dismissed after four subsequent amendments. Judge Albert ultimately dismissed Cobalis's complaint with prejudice, stating

> Cobalis now had five opportunities to allege facts stating a claim upon which relief might be granted. This latest effort again falls short. . . The harsh reality seems to be that Cobalis just has no case. This Court determines that nothing fruitful will come from further attempts to state a claim for relief.

(See Def's Mot. 5, Court Order Granting Judgment on the Pleadings at 52, Ex. I, Declaration of Nikolas S. Komyati, Esq. ("Komyati Dec.")). On August 16, 2011, just five days after Judge Albert's Tentative Ruling in California to finally dismiss Cobalis's claims, and before the formal order of dismissal was entered, Cobalis filed a Complaint with this Court in New Jersey, raising

the same claim against the Yorkville Defendants of a shorting scheme as the California Court had just dismissed. See Cobalis Corp. v. Yorkville Advisors, LLC, et al., No. 2:11-cv-04716 (DMC) (JAD). Two days later, Cobalis filed a motion for a temporary restraining order in this Court. In denying the temporary restraining order, this Court determined that the California rulings had preclusive effect on Cobalis' attempt to bring suit in this District:

> There is no question that Plaintiff's [Cobalis] claims arise from the same acts, and raise the same material facts and theories as those raised by Plaintiff in the previous litigation. Plaintiffs could and should have raised any challenge to the validity of the instruments at the time that they sued upon them [in the California actions] and is now barred by claim preclusion from raising such challenges here.

(See Def's Mot. 6, Temporary Restraining Order Opinion at 9-10, Komyati Dec., Ex. P).

As to the third element of res judicata, that the subsequent suit be based on the same cause of action as the original, the Court agrees with Defendants that here, Plaintiffs, the principals of the Cobalis Corporation, are again relying on the same facts and theories to attempt to state a claim upon which relief can be granted. This analysis does not turn on the use of an identical legal theory, but rather "the essential similarity of the underlying events giving rise to the various legal claims." Davis v. U.S. Steel Supply, 688 F. 2d 166, 171 (3d Cir. 1982).

The Complaint states that this case arises from the same PIPE transaction alleged in the prior California and New Jersey actions (Compl. ¶ 22) and the same Transaction Documents (Compl. ¶ 36). The claims are substantially the same as well: Defendants sold Cobalis stock short with the intent to drive down the price of said stock and caused the same to occur. The current Complaint is styled as the individual stock holders alleging that they would not have pledged their stock to facilitate the transaction between Cobalis and YA Global had they known of Defendants' intentions to short sell. The prior complaints claimed that Defendants act of short selling breached the Transaction Documents. Defendants argue:

> The 'difference' between the instant Complaint and the prior California and New Jersey Actions is that here Plaintiffs claim that, had they known of Defendants' nefarious intentions, they would not have entered into the Pledge and Escrow Agreement and pledged their stock to enable the transaction to be consummated, (Complaint at ¶ 63), whereas in the California and New Jersey Actions the claim is that Defendants' nefarious actions breached various provisions of the Transaction Documents.

(Def.'s Mot. 7-8). This Court agrees with the Defendants' characterization of the Complaint; this is not a meaningful distinction. Ultimately, Plaintiffs in this action and the Corbalis Corporation in the previous New Jersey and California actions allege the same damages – Cobalis declared bankruptcy and Plaintiffs' "Cobalis shares were rendered worthless and Plaintiffs' entire equity was lost." (Compl. ¶ 59). The Court is convinced that this suit is based on the same cause of action as both the California and New Jersey actions.

Finally, claim and issue preclusion only apply to parties or to those in privity with them. See Wunschel v. City of Jersey City, 477 A. 2d 329, 333 (N.J. 1984). In the words of Judge Goodrich,

> Privity states no reason for including or excluding one from the estoppel of judgment. It is merely a word used to say that the relationship between the one who is a party on the record, and another is close enough to include that other within the res judicata.

Bruszewski v. United States, 181 F. 2d 419, 423 (3d Cir. 1950)(Goodrich, J., concurring), *cert. denied*, 340 U.S. 865 (1950). Defendants argue that Plaintiffs are in privity with Cobalis and thus Plaintiffs claims are barred while Plaintiffs argue that Plaintiffs are distinct entities from Cobalis. This Court finds that Plaintiffs are in privity with Cobalis Corporation.

Plaintiffs own a "dominant and controlling block" of Cobalis's common stock. (Compl. ¶ 24). Plaintiff Radul Radovich is the father of Chas Radovich, Cobalis's President. Jointly, the two own and operate several entities including Cobalis and the other named Plaintiffs in this action; Radul Radovich is the President of Plaintiffs Silver Mountain Promotions, Inc. and R and

R Holdings, and the Trustee of Plaintiff St. Petka Trust. (Compl. ¶ 5(d)). The Complaint further states that "in mid 2006, Chas Radovich, son of Plaintiff Radul Radovich began negotiations with Defendants for financing for Cobalis. In that capacity, Chas Radovich was at all times acting as agent for the Plaintiffs. Such agency was known to all Defendants." (Compl, ¶ 16). Plaintiffs, through their agent, directly participated with Cobalis in arranging the loan transaction with Yorkville and entering into the Pledge and Escrow Agreement to enable the transaction to be consummated.

Plaintiffs Opposition states that Plaintiffs "were only shareholders of Cobalis" and that "they were not officers, directors, employees or controlling persons in any way." (Pl.'s Opp'n 3). For the purposes of a motion to dismiss, the Court only looks to the face of the Complaint and construes the facts in Plaintiffs favor. However, the Third Circuit allows a court to consider matters of public record when ruling on a motion to dismiss. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993). To refute this statement, Defendants attach to their moving papers Cobalis's public filings with the SEC, which state that Plaintiff Radul Radovich was Chairman of the Board and a Director of Cobalis at the time of the PIPE Transaction and up to its bankruptcy. (Pl.'s Opp'n 8, See Komyati Dec. II, Ex. A., page 31). According to the 2007 Annual Report, "the related parties that were owed funds [by Cobalis] include Radul Radovich, our Chairman of the Board of Directors, and several entities owned and controlled by Mr. Radovich." (Id., See Komyati Dec. II, Ex. A, page 32.) Further, Radul Radovich is the beneficiary and trustor of St. Petka Trust, a proposed Plaintiff and "a majority shareholder" of Cobalis; the two other proposed Plaintiffs, Silver Mountain Productions, Inc. and R and R Holdings, are "owned by Mr. Radovich." (Id., see Komyati Dec. II, Ex. A, at F-19.) The Court finds that there is such an identification of interest between the

Cobalis and Plaintiffs as to represent the same legal right. <u>Collins v. E.I. Dupont De Nemours & Co.</u>, 34 F. 3d 172 (3d Cir. 1994).

Additionally, "when a judgment has been entered against a corporation, later litigation on the same cause of action by an officer, director or shareholder of that corporation is barred if the individual participated in and effectively controlled the earlier case." <u>Metcalf v. Merill Lynch, Pierce, Fenner & Smith</u>, 895 F. Supp. 2d 645, 656 (M.D. Penn. 2012). The Court is satisfied that Plaintiffs sufficiently controlled the earlier case. Radul Radovich effectively controls Cobalis. He and his controlled entities and family members owned 49.8% of Cobalis' outstanding shares as of July 16, 2007. (<u>Id.</u>, <u>see</u> Komyati Dec. II, Ex. A, at 40.) The Complaint also states that freezing a portion of Plaintiffs' shares in connection with the transaction gave Defendants control of a "dominant and controlling block" of Cobalis's common stock. (Compl. ¶ 24).

Res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." <u>Parkland Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 (1979). Cobalis and its privies, Plaintiffs, have had multiple opportunities to litigate this very issue, with two federal judges determining that they have no claim upon which relief can be granted. It is improper and a waste of judicial resources to continue to entertain this issue, even when it is refashioned as a claim by the privies of the corporation and not the corporation itself. The Court is persuaded by Defendants argument that this is another bite at the apple for Cobalis, and finds that the complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **granted**. An appropriate

order follows this Opinion.

*Dennis M. Cavanaugh, U.S.D.J.*

Date: July 5, 2013
Original: Clerk's Office
cc: Hon. Joseph A. Dickson, U.S.M.J.
All Counsel of Record
File